Hyman, O. J.
Plaintiff obtained an injunction prohibiting the defendant and the sheriff from selling a lot of ground under an execution in the case of Nathan Stephens v. Mr. and Mrs. Decheaux.
Defendant obtained arule on plaintiff to show cause why the injunction should not be dissolved with damages, and on the trial of the rule the District Judge made it absolute, and dissolved the injunction, with damages.
This judgment was signed on the 28th January, 1867.
On the 30th January, 1867, the plaintiff appealed- from this judgment, without making the security on his bond for injunction a party to the appeal, whom the law declares, in such a case as this is, a party plaintiff in the suit.
*292 Defendant has filed a motion to dismiss this appeal on various grounds, one of which is, that all parties in interest have not been made parties to the appeal.
It is apparent that the security on the injunction bond, who is a party to this suit, has an interest that the judgment appealed from should remain undisturbed; and, therefore, he should have been made a party to the appeal.
On the 30th January, 1867, the District Judge rendered judgment, dismissing the suit, and omitted, as the transcript shows, to sign the same.
On the 1st February, 1867, plaintiff and his security obtained on motion in open Court an order to appeal from the judgment of the 28th January, 1867, and the unsigned decree of the Court dismissing the suit.
A judgment dismissing a suit is a final judgment, and final judgments must be signed by the Judge. Without his signature they are not judgments, and have no effect, and of course cannot be appealed from. It is only from judgments, final or interlocutory, working irreparable injury, that appeals are taken.
The defendant has also filed a motion 1 o dismiss the appeal taken on 1st February, 1867. The first ground for dismissal is, because the bond given for appeal is not sufficient in amount to warrant a suspensive appeal.
If the bond be sufficient in amount, either for a suspensive or devolutive appeal, the appeal cannot be dismissed on this ground.
The bond is given for $1,200, the amount fixed by the Judge in his order for appeal. This amount covers the cost of suit, and therefore the bond is sufficient in amount for a devolutive, if not for a suspensive appeal.
The second ground is, that the appeal was taken at a different term of the Court from that in which the judgment was rendered, and that appellant should have proceeded by petition for appeal, and given citation.
A party may, by motion, obtain from the Court, an order for appeal from a judgment, at the same term of the Court in which the judgment was rendered. When he does so, he is not required to present a petition for appeal, nor is he bound to have citation or notice of appeal served on the appellee.
The question then is, whether the appellant obtained the order for appeal at the same term of the Court in which judgment was rendered.
The act relative to the District Courts, for the parish and city of New Orleans, of March 29th, 1865, declares that the District Courts of New Orleans, shall be opened from the 1st Monday of November to the last Monday of July. This act repeals all other provisions of law on the same subject-matter.
What were the terms of the District Courts of New Orleans before the passage of this act it is needless for the purposes of the motion to enquire; for by the act their terms were, when the appeal was taken, from the 1st Monday of November to the last Monday of July.
The order of appeal was granted in the term in which judgment was rendered.
The third and last ground for dismissal is, that the transcript does not *293 'contain certain evidence which appellee declares was introduced.
The transcript does not inform us that such evidence was adduced.
It is decreed that the appeal taken by plaintiff on the 30th January, 1807, be dismissed; that the appeal taken by plaintiff and his security from the unsigned judgment,- decreeing the dismissal of the suit, bo dismissed.
That thus far the motion of appellee to dismiss bo sustained, and that in other respects it be overruled.